IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| SENDERO HEALTH PLANS, INC., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 17-2048 |
| v. | ) ) | (Judge Solomson) |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

JOINT STATUS REPORT

Pursuant to the Court's July 25, 2022 Order (ECF No. 46), the parties respectfully submit this Joint Status Report. The July 25, 2022 Order continued the stay in these proceedings and directed the parties to file a joint status report proposing further proceedings by March 28, 2023. The July 25 order also directed that "If the parties have not reached a settlement in principle by March 28, 2023, the parties shall include in the joint status report due that day a detailed justification for any further continuation of the stay." ECF No. 46. While the parties have not yet reached a settlement in principle, we have made substantial progress in our discussions in developing a settlement methodology, as further described herein.

As described in our prior status reports, in July 2021, shortly after the U.S. Supreme Court denied the petition for writ of certiorari (No. 20-1162) and the Government's conditional cross-petition (No. 20-1432) in *Maine Community Health Options v. United States*, which sought review of the Federal Circuit's CSR decision in *Community Health Choice, Inc. v. United States*, Nos. 2019-1633, -2102, 2020 WL 4723757 (Fed. Cir. Aug. 14, 2020), the parties began discussions regarding the next steps in this litigation. Several different attorneys, collectively representing a large number of the plaintiff health plans—including the plaintiff here—engaged

Government counsel in discussions regarding potential resolution of the CSR matters through settlement.

On December 3, 2021, Plaintiffs' counsel shared a proposal with the Government to attempt to collectively resolve the damages and mitigation issues in the CSR cases without further litigation or to significantly streamline resolution of the remaining damages/mitigation issues in these cases. On April 28, 2022, the Government responded to Plaintiffs' proposal, and Plaintiffs responded on May 23, 2022. Thereafter, the parties have convened by phone multiple times, and the Government produced certain settlement-related data and other information to the plaintiffs on July 22, 2022. The parties participated in a settlement-related call on September 1, 2022, and the CSR Plaintiffs followed that call with a letter to the Government on September 15, 2022. The Government responded to CSR Plaintiffs by letter dated November 10, 2022. On January 10, 2023, the CSR Plaintiffs responded to the Government's letter. The parties participated in conference calls on Thursday, January 19, 2023, and Friday, February 24, 2023 to discuss the latest settlement proposal. Counsel for the Government and for the plaintiff in this case also participated in an additional settlement related conference call on March 13, 2023.

The parties respectfully request that the stay of this matter continue for an additional 60 days, at which time the parties will file a joint status report. Good cause exists for the Court to continue the existing stay of this case. The parties are working together to determine whether they may efficiently resolve this matter without further litigation or can at least streamline the damages and mitigation issues in this case. The parties are aware that this negotiation process has been a long one. But they maintain that the number of stakeholders, and the complexity of a global resolution, necessitates the careful back-and-forth that has thus far made progress on a potential resolution. The parties have significantly narrowed the issues to be resolved and

believe that they are close to a final determination as to whether the methodology they have been discussing can be used. Moreover, the court managing several of the other CSR matters has indicated that it will give the Government and other CSR plaintiffs through June 2023 to reach a final settlement or it will move forward with lifting the stay in those matters. To the extent that the parties in this and other CSR cases are able to finalize a methodology that would dispose of some, or all, of the pending CSR claims, significant judicial resources would be saved because the Court may avoid the possibility of having to adjudicate claims for more than 140 different plaintiffs across dozens of different cases, spanning multiple years. For this reason, the parties respectfully request that the stay continue, and therefore jointly propose that they file a status report by May 26, 2023, in which the parties will update the Court on the status of their efforts to resolve this matter.

| | |
|---|---|
| March 28, 2023 | Respectfully submitted, |
| */s/ William L. Roberts* <br> William L. Roberts <br> *william.roberts@faegredrinker.com* <br> **FAEGRE DRINKER BIDDLE & REATH LLP** <br> 2200 Wells Fargo Center <br> 90 South Seventh Street <br> Minneapolis, MN 55402-3901 <br> Telephone: (612) 766-7000 <br> Fax: (612) 766-1600 <br> ***Counsel of Record for Plaintiff Sendero Health Plans, Inc.*** <br><br> OF COUNSEL: <br> Jonathan W. Dettmann <br> *jon.dettmann@faegredrinker.com* <br> Evelyn Snyder <br> *evelyn.snyder@faegredrinker.com* | BRIAN M. BOYNTON <br> Principal Deputy Assistant Attorney General <br><br> PATRICIA M. McCARTHY <br> Director <br><br> */s/ Claudia Burke* <br> CLAUDIA BURKE <br> Assistant Director <br><br> */s/ David M. Kerr* <br> DAVID M. KERR <br> Commercial Litigation Branch <br> Civil Division <br> U.S. Department of Justice <br> P.O. Box 480 <br> Ben Franklin Station <br> Washington, DC 20044 <br> Telephone:   (202) 307-3390 <br> Email:  David.M.Kerr@usdoj.gov |

OF COUNSEL:
Albert S. Iarossi
Senior Trial Counsel
Civil Division
U.S. Department of Justice

*Counsel for Defendant The United States*